[Crim. No. 3182. Second Appellate District, Division Two.—April 4, 1939.]

THE PEOPLE, Respondent, v. ALPHA COPLEY, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a judgment of conviction of murder in the second degree and from an order denying a motion for a new trial.

The first contention of the defendant is that there is insufficient evidence to sustain the verdict. It is our duty to view the evidence in the light most favorable to the People. It appears that the defendant stabbed the deceased with a long butcher knife which she had brought from her home. At the time of the stabbing he was out in the road attempting to drive away two men who had been guests of the defendant during the evening. After she stabbed him she ran for the automobile in which the guests were waiting. The deceased followed her for a distance of 75 feet or more before he fell down on the road. He was discovered dead several hours later in a pool of his own blood. In our view

there is substantial evidence, considering all the facts and circumstances and certain admissions proved to have been made by the defendant, to sustain the verdict.

■ The defendant's second contention is that the crime should be reduced to voluntary manslaughter for the reason that malice is a necessary element of murder and there is no proof of malice. In *People* v. *Semone*, 140 Cal. App. 318, 323 [35 Pac. (2d) 379], the court said: "When an unlawful act which results in death is deliberately performed by an assailant who knows that his conduct endangers the life of another, and it is executed without provocation or sudden passion, which would reduce the offense to manslaughter, malice is presumed. Under such circumstances the killing constitutes murder of the second degree, when it is not perpetrated by means of poison, lying in wait, torture or any other kind of wilful, deliberate or premeditated killing. (Sec. 189, Pen. Code; *People* v. *Howard*, 211 Cal. 322, 329 [*295 Pac.* 333, 71 A. L. R. 1385]; *People* v. *Hubbard*, 64 Cal. App. 27, 37 [220 Pac. 315]; 13 Cal. Jur. 603, sec. 18.)" In our view of the evidence, it was for the jury to determine under all the facts and circumstances in evidence whether there was malice in the perpetration of the crime.

■ Finally, the defendant contends that the court erred in refusing to give an instruction proposed by her on the law of self-defense. The defendant does not comply with the rules of the judicial council requiring that all instructions upon the same subject-matter that were given be printed in the brief. However, it is obvious from an inspection of the record that the defendant has no basis of complaint. As a matter of fact, the trial court fully covered in its instructions the theory of self-defense, including the law proposed by the defendant. It was not the duty of the court to give to the jury the law of self-defense in the language of the defendant.

Judgment and order denying a new trial affirmed.

Wood, J., and McComb, J., concurred.